Artemio Camacho, Petitioner, *v.* District Court of Humacao, Respondent.

No. 831.   Argued June 13, 1932.—Decided June 23, 1932.

*A. L. López* for petitioner.   *Luis Muñoz Morales* for plaintiff in the main action.

Mr. Justice Hutchison delivered the opinion of the Court.

Section 182 of the Code of Civil Procedure authorizes the appointment of a receiver after judgment, to preserve the property in litigation during the pendency of an appeal. This Court issued a writ of certiorari as the result of an averment that, in the present case, an appointment had been based on the testimony of a single witness, to the effect that the house in question needed painting and that its balcony had somewhat deteriorated.

According to a transcript of the evidence the witness testified: That the house was in a very bad condition; that when the same passed into the possession of Artemio Camacho, the petitioner in this proceeding, some two years before the hearing of the petition for the appointment of a receiver, the house was painted and in good condition; that at the time

of the hearing half the iron balcony and the back part of the house had disappeared; that some of the doors had been lost; that more than five hundred dollars was needed to make the necessary repairs; that during the stay of Camacho no repairs had been made; that the house was continuously deteriorating.

The plaintiff in the original action had been adjudged to be the owner of the property, and, in view of the situation described in the testimony above outlined, we find no abuse of discretion in the appointment of a receiver.

In *Schlüter* v. *Texidor, District Judge*, 26 P.R.R. 97, the petition for the appointment of a receiver was made under subdivision 5 of section 182, *supra*, which authorizes such appointment "in all other cases where receivers have heretofore been appointed by the usages of courts of equity," not under the specific authority of subdivision 3 of said section, as in the present case. A careful reading of the opinions in the *Schlüter* case and in *González et al.* v. *Benítez Flores, District Judge*, 29 P.R.R. 281, also cited by petitioner, will suffice to distinguish those cases from the present one, on the facts.

The writit must be annulled.